**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JUNIOR TEJEDA, | ) | NO. ED CV 11-759-CJC(E) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER DISMISSING |
| | ) | |
| SAN BERNARDINO SHERIFF, et al., | ) | COMPLAINT WITH LEAVE TO AMEND |
| | ) | |
| Defendants. | ) | |

For the reasons discussed below, the Complaint is dismissed with leave to amend. See 28 U.S.C. § 1915(e)(2)(B).

**BACKGROUND**

Plaintiff, a detainee at the West Valley Detention Center, filed this civil rights action pursuant to 42 U.S.C. section 1983 on May 19, 2011. Although the caption of the Complaint identifies the Defendants as the San Bernardino County Sheriff, Deputy Sheriff Enriquez and the West Valley Detention Center, the body of the Complaint identifies the

Defendants as the Director of West Valley Detention Center Personnel, and Deputies J. Enriquez and M. Kunsman (Complaint, p. 3). Plaintiff sues Defendants Enriquez and Kunsman in their individual and official capacities (id.).

The Complaint contains three claims for relief arising out of an alleged incident on March 21, 2011 (id., p. 5). In Claim I, Plaintiff alleges that Plaintiff requested an inmate grievance in order to report that, during a cell search, officers tampered with Plaintiff's legal documents and took Plaintiff's legal notes pertaining to Plaintiff's criminal case in which he is representing himself (id., p. 5). Defendant Enriquez and a Deputy Caballero allegedly returned Plaintiff to his cell (id.). Defendant Enriquez, allegedly "very upset," assertedly grabbed Plaintiff's wrist, twisted it behind Plaintiff's back and handcuffed Plaintiff so tightly that the handcuffs allegedly cut into Plaintiff's skin and cut off his circulation (id., p. 5). Plaintiff allegedly was marched to another area, during which he and Defendant Enriquez exchanged "verbal differences" (id.). Defendant Enriquez allegedly slammed Plaintiff's head "very hard" against a door, assertedly causing Plaintiff to suffer pain and disorientation (id., p. 5 & attachment to p. 5).

Plaintiff allegedly upset Defendant Enriquez by asking for medical attention and the means to file a civil complaint against Defendant Enriquez (id., attachment to p. 5). Defendant Enriquez allegedly said "oh yeah" and slammed Plaintiff's head against a sliding door (id.). When Plaintiff allegedly voiced an intent to sue Defendant Enriquez, Enriquez assertedly uttered a profanity (id.).

2

Defendant Enriquez allegedly handcuffed Plaintiff and took Plaintiff to a holding cell (id., p. 6). In Claim I, Plaintiff purports to allege claims for excessive force, medical negligence and verbal harassment (id., p. 5).

In Claim II, Plaintiff asserts that, in the holding cell, Plaintiff allegedly told unidentified deputies and a sergeant about the alleged assault and asked for medical attention (id., "Claim II" attachment, p. 1). The deputies and sergeant allegedly ignored Plaintiff and refused to take a report or to photograph Plaintiff's purported injuries (id.). Plaintiff allegedly was "hidden" in administrative segregation until his swelling assertedly subsided (id.). Plaintiff allegedly suffered from blurred vision, nightmares and insomnia (id.). Plaintiff also alleges that unidentified deputies and jail personnel are subjecting Plaintiff to harassment and threatening looks due to Plaintiff's filing of grievances as well as Plaintiff's filing of complaints and motions in the San Bernardino Superior Court (id., "Claim II" attachment, pp. 1-2). Claim II purports to state claims for denial of medical care (id., "Claim II" attachment, p. 1).

In Claim III, Plaintiff alleges that Deputy Kunsman assertedly violated Plaintiff's due process right to file grievances. Plaintiff alleges that, on April 2, 2011, Plaintiff assertedly handed Deputy Kunsman a grievance regarding the alleged March 21, 2011 incident (id., "Claim III" attachment, p. 1). Deputy Kunsman allegedly attempted to dissuade Plaintiff from filing the grievance and did not process the grievance, instead giving it to Defendant Enriquez (id.).

Plaintiff alleges the grievance "presumably" was destroyed as part of a purported coverup (id.).

Plaintiff attaches various exhibits to the Complaint, including several partially illegible grievance forms, an "Inmate Grievance Investigation" report denying Plaintiff's grievances as untimely, several "Health Services Request" forms, and documents appearing to be motions filed in Plaintiff's criminal proceedings. Plaintiff seeks compensatory and emotional distress damages, punitive damages, and an order for a medical evaluation of Plaintiff's head injury by outside medical officials (id.).

**DISCUSSION**

It is unclear whom Plaintiff intends to sue in this action. Although the caption identifies the San Bernardino County Sheriff, Deputy Sheriff Enriquez and the West Valley Detention Center as Defendants, the body of the Complaint appears to allege wrongdoing by other deputies. A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, [and] for what relief . . ." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996); see also F. R. Civ. P. 10(a) (title of complaint "must name all the parties").

The Court construes Plaintiff's official capacity claims against the deputies and his claim against the West Valley Detention Center as claims against the County of San Bernardino. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). Plaintiff may not sue the County on a theory of respondeat superior, which is not a theory of liability

4

cognizable under 42 U.S.C. section 1983.  See Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009); Polk County v. Dodson, 454 U.S. 312, 325 (1981); Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1185 (9th Cir. 2002), cert. denied, 537 U.S. 1106 (2003).  A municipal entity may be held liable only if the alleged wrongdoing was committed pursuant to a municipal policy, custom or usage.  See Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 402-04 (1997); Monell v. New York City Department of Social Services, 436 U.S. 658, 691 (1978).  Plaintiff's conclusory allegations are insufficient.  See Ashcroft v. Iqbal, 129 S. Ct. at 1949.

The Eighth Amendment's prohibition against cruel and unusual punishment applies only after conviction.  Pierce v. Multnomah County, Oregon, 76 F.3d 1032, 1042 (9th Cir.), cert. denied, 519 U.S. 1006 (1996).  However, the same standards apply to pretrial detainees under the Due Process Clause.  See Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010); Lolli v. County of Orange, 351 F.3d 410, 418-19 (9th Cir. 2003).

Jail officials can violate the constitution if they are "deliberately indifferent" to an inmate's serious medical needs.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Estelle v. Gamble, 429 U.S. 97, 104 (1976); Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1187 (9th Cir. 2002), cert. denied, 537 U.S. 1106 (2003).  To be liable for "deliberate indifference," a jail official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

inference." Farmer v. Brennan, 511 U.S. at 837. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment." Id. at 838. Thus, inadequate treatment due to accident, mistake, inadvertence, or even gross negligence does not amount to a constitutional violation. Estelle v. Gamble, 429 U.S. at 105-06; Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc). Hence, Plaintiff's allegations of medical negligence do not suffice to allege deliberate indifference.

Plaintiff's allegations that Deputy Kunsman failed to process Plaintiff's inmate grievance are insufficient to state a claim. "[A]n inmate has no due process rights regarding the proper handling of grievances." Wise v. Washington State Dep't of Corrections, 244 Fed. App'x 106, 108 (9th Cir. 2007), cert. denied, 562 U.S. 1282 (2008); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004).

Plaintiff's allegations that deputies or jail personnel subjected Plaintiff to verbal harassment also are insufficient. Mere verbal harassment does not violate the Constitution. See Patrick v. Martin, 402 Fed. App'x 284, 285 (9th Cir. 2010); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended, 135 F.3d 1318 (9th Cir. 1998); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

Finally, Plaintiff may not recover punitive damages against the County or a County official in his or her official capacity. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981); Ruvalcaba

v. City of Los Angeles, 167 F.3d 514, 524 (9th Cir.), cert. denied, 528 U.S. 1003 (1999).

**ORDER**

The Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Order within which to file a First Amended Complaint. The First Amended Complaint shall be complete in itself. It shall not refer in any manner to any prior complaint. Plaintiff may not add Defendants without leave of court. See Fed. R. Civ. P. 21. Failure to file timely a First Amended Complaint in conformity with this Order may result in the dismissal of this action. See Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002), cert. denied, 538 U.S. 909 (2003) (court may dismiss action for failure to follow court order); Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir.), amended, 234 F.3d 428 (9th Cir. 2000), cert. denied, 531 U.S. 1104 (2001), overruled on other grounds, Odom v. Microsoft Corp., 486 F.3d 541 (9th Cir.), cert. denied, 552 U.S. 985 (2007) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had afforded plaintiff opportunities to do so, and where court had given plaintiff notice of the substantive problems with his claims); Plumeau v. School District #40, County of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997)

///

///

///

///

(denial of leave to amend appropriate where further amendment would be futile).

IT IS SO ORDERED.

DATED: May 26, 2011

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

PRESENTED this 24th day of
May, 2011, by:

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE